**In the Matter of Morgan**
*[Cite as 7 AOA 154]*

*Case No. 90-CA-13*
*Knox County, (5th)*
*Decided October 25, 1990*

*Curt R. Zimansky, Assistant Public Defender, One Public Square, Mount Vernon, Ohio 43050, for Appellant.*

*Michael D. Schlemmer, 118 E. Gambier Street, Mount Vernon, Ohio 43050, for Appellee.*

*Joyce D. Hunter, 118 East Gambier Street, Mount Vernon, Ohio 43050, Counsel for Guardian Ad Litem.*

SMART, J.

This is an appeal from a summary judgment of the Court of Common Pleas, Juvenile Division, of Knox County, Ohio, that found Crystal Leigh Morgan to be a dependent child.

Crystal Leigh's mother, respondent-appellant Monica Morgan (mother) pled guilty to felonious assault. She also admitted that she had violated the conditions of her probation for two counts of altering a prescription for which she had received a definite sentence of eighteen months on each count. The court sentenced mother to three to fifteen years on the felonious assault charge and imposed the previously suspended eighteen months sentences on the prior charges, all sentences to be served consecutively.

Crystal Leigh was born on October 24, 1989, while her mother was an inmate at the Marysville Correctional Institution. Two days later, petitioner-appellee Knox County Children Services Unit of the Knox County Department of Human Services (CSU) filed its complaint for permanent custody and was granted temporary custody *ex parte.*

At the shelter care hearing on October 31, 1989, mother was represented by counsel but could not attend herself. The maternal grandmother attended and testified. The trial court granted CSU temporary custody rather than maternal grandmother. Thereafter, CSU moved the trial court for summary on the issue of dependency as against mother and the putative father, who had not yet been made a party to this action. Mother opposed the motion with her affidavit alleging that the maternal grandmother was available for the care of the child during the mother's term of incarceration. The trial court held no adjudicatory hearing before sustaining the motion for summary judgment. Thereafter, the trial court held a dispositional hearing at which mother appeared personally for the first time in the action, to propose the maternal grandmother or an alternative as caretaker of Crystal Leigh. She also alleged that she was attempting to gain probation and/or parole from prison. The juvenile court granted permanent custody to CSU and this appeal ensued.

Mother assigns three errors to the trial court:

"ASSIGNMENT OF ERROR NO. I.
"THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT TO HAVE THE APPELLANT'S CHILD ADJUDICATED DEPENDENT BECAUSE SUMMARY JUDGMENT UNDER RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE IS NOT PERMITTED IN A DEPENDENCY CASE UNDER EITHER THE OHIO RULES OF CIVIL PROCEDURE, THE OHIO RULES OF JUVENILE PROCEDURE, THE DUE PROCESS OF LAW CLAUSE OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OR THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

"ASSIGNMENT OF ERROR NO. II.
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE ON THE QUESTION OF DEPENDENCY BECAUSE THERE WERE MATERIAL FACTS IN DISPUTE.

"ASSIGNMENT OFF ERROR NO. III.
"THE TRIAL COURT ERRED IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT WILL NOT BE AVAILABLE TO CARE FOR HER CHILD FOR AT LEAST EIGHTEEN MONTHS AFTER THE DISPOSITIONAL HEARING BECAUSE PURSUANT TO O.R.C. 2947.061(B) THE APPELLANT IS ELIGIBLE FOR SHOCK PROBATION AFTER SIX MONTHS OF INCARCERATION ON HER FELONIOUS ASSAULT CHARGE AND PURSUANT

TO O.R.C. 2967.31 (A) FOR SHOCK PAROLE AFTER SERVING SIX MONTHS ON EACH OF HER TWO SENTENCES FOR FORGING PRESCRIPTIONS."

## I.

Civ. R. 1 states in pertinent part:

"... These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure ... (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

Mother urges that this procedure is a special statutory procedure and that the Civil Rules, including Civ. R. 56 regarding summary judgments, are inapplicable. The juvenile court has exclusive original jurisdiction over dependency actions, R. C. §2151.23, and the Juvenile Rules apply. The Juvenile Rules do not contain provisions for summary judgments.

Mother further argues that the procedure outlined under the Juvenile Rules is completely inapposite to summary judgment. The Juvenile Rules specify that an adjudicatory hearing must be held, and here the juvenile court dispensed with the hearing because it sustained the motion for summary judgment.

Finally, mother maintains that her constitutional right to due process was violated when the juvenile court failed to accord her an adjudicatory hearing.

CSU respond by pointing out that the trial court resolved the issue of termination of parental rights only after the full dispositional hearing at which mother was able to present evidence. However, if, as mother alleges, the child was never properly adjudicated dependent, the trial court should not have proceeded to the dispositional hearing. A finding of dependency is a condition precedent to a dispositional hearing.

The parties apparently agree that this was a case of first impression. CSU cites to authority from other jurisdictions that hold that summary judgment may be appropriate in certain general proceedings. CSU also argues that although some early cases refer to juvenile proceedings as special statutory proceedings, more recent cases find them to be civil in nature. Juvenile Rule 45 permits the trial court to proceed in any lawful manner not inconsistent with the procedures prescribed in the Juvenile Rules.

CSU urges that on the particular facts of this case, the issue of the suitability of the maternal grandmother to care for Crystal Leigh had been litigated at the sheltered care hearing and therefore there was no need to re-litigate this at an adjudicatory hearing. Because there were no factual disputes to be resolved, the matter was ripe for summary judgment, band the juvenile court was entitled to conclude as a matter of law that Crystal Leigh Morgan was a dependent child. Furthermore, CSU argues, this permitted the juvenile court to eliminate the expense and delay of transporting mother from prison to attend a hearing.

We find that summary judgments are inappropriate in dependency cases, and thus barred by Civ. R. 1.

The first assignment of error is sustained.

## II.

Mother next urges that there were material facts in dispute and therefore summary judgment was inappropriate in this specific case. CSU replies that the trial court had already determined the issue of the grandmother's suitability as a caretaker in the shelter care hearing, and therefore there was no disputed fact remaining before the juvenile court. We find that the issues were not identical. The shelter care hearing focused on the suitability of the grandmother for short-term placement; in the adjudicatory hearing the court would have examined the suitability of the grandmother's home for the duration of the mother's incarceration, in the context of whatever assistance and supportive services CSU, other individuals, and the community, might be able to mobilize on a non-emergency basis. Although many of the factors that the juvenile court might evaluate in the shelter care hearing and the adjudicatory hearing would be identical, there would necessarily be some differences. Because we find that circumstances may have been changed, the juvenile court erred in determining that its decision in the shelter care hearing fully explored those presented in the adjudicatory hearing.

The second assignment of error is sustained.

## III.

After the juvenile court had made the finding of dependency, it proceeded to the dispositional phase of the proceedings. The juvenile court found that the mother would be

unable to care for the child for at least eighteen months after the filing of the motion or the dispositional hearing, pursuant to R.C. §2151.414(E)(6). Mother challenges the trial court's finding.

We have reviewed the record and find no error in the juvenile court's computation of the mother's earliest release date, or in its conclusion by clear and convincing evidence that the mother would not be available to care for the child for at least eighteen months. However, because of our determination in I and II, *supra,* we find that the court must reevaluate the dispositional proceedings upon remand, given the lapse of time and potential change in circumstances during pendency of this appeal. The third assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Knox County, Ohio, is vacated, and the cause is remanded to that court for further proceedings and in accord with applicable law and not inconsistent with this opinion.

PUTMAN, P.J., and GWIN, J., concur.